**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Hector Lopez, | ) | |
| | ) | Civil Action No. 6:06-cv-0503-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's Motion for Reconsideration ("the Motion"), [Dkt. No. 180], filed in response to this court's Order, [Dkt. No. 170], denying Petitioner's Motion to Vacate [Dkt. No. 158].

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was indicted on May 9, 2006, for various drug-related charges, [Dkt. No. 21]. He was arrested on April 3 2006, [Dkt. No. 1], and pled guilty to counts I, II, and IV-VI (count III was dismissed) on September 25, 2006 [Dkt. No. 78]. Judge Henry Floyd sentenced Petitioner to 180 months of incarceration on January 17, 2007 [Dkt. No. 100].

Petitioner filed his first habeas motion pursuant to 28 U.S.C. § 2255 on November 21, 2006 [Dkt. No. 65]. Because that petition was filed before his sentencing, the court found the motion to be premature and dismissed it without prejudice, [Dkt. No. 73]. Petitioner did not file another § 2255 petition until January 20, 2009, in which he claimed that he received ineffective assistance of counsel [Dkt. No. 114]. After the Government responded, [Dkt. No. 67], the court found that the petition was filed after the one-year period of limitation applicable to § 2255 petitions and therefore was time-barred under 28 U.S.C. § 2255(f) ("[a] 1-year period of

limitation shall apply to motion under this section"). The court dismissed the petition, [Dkt. Nos. 120, 121], and informed Petitioner of his right to appeal. Petitioner filed a Notice of Appeal with the Court of Appeals for the Fourth Circuit on September, 24, 2009 [Dkt. No. 123]. The Court of Appeals issued an opinion holding that Petitioner did not make the requisite showing of the denial of a constitutional right; therefore, the Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal [Dkt. No. 128].

Petitioner filed a Motion to Vacate on October 9, 2012, [Dkt. No. 158], pursuant to 28 U.S.C. § 2255. The court found that this motion was successive of Petitioner's initial habeas motion; therefore, it required certification by the Court of Appeals to be eligible for review. As the Motion to Vacate was not certified by the Court of Appeals, it was not eligible for review on the merits. 28 U.S.C. § 2255(h). Accordingly, the court denied the Motion to Vacate with prejudice.

Petitioner filed the instant Motion on July 1, 2013, pursuant to Federal Rule of Civil Procedure Rule 59(e). Petitioner argues the court never reached the merits of the habeas petition because it lacked jurisdiction, and consequently, the Motion to Vacate could not be successive to the habeas petition. Therefore, Petitioner requests the court to reconsider its judgment. Additionally, Petitioner asserts that because the habeas petition was not dismissed with prejudice, it "does not count for purpose[s] of [a] second or successive [motion]." [Dkt. No. 180 at 3].

## LEGAL STANDARD

Under Fed. R. Civ. P. 59(e), a court may "alter or amend a judgment" if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson*

*v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). "[T]he rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). However, Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor should they be used as opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); *see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC*, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

## DISCUSSION

The court finds Petitioner's argument, that his Motion to Vacate was not successive, unpersuasive. The court initially found that Petitioner's habeas petition, filed January 20, 2009, was filed after the one-year period of limitation. Therefore, the petition was dismissed. *Id.* Petitioner argues that the court's dismissal of his petition for failure to file within the one-year period is an implication that the court lacked jurisdiction. Consequently, Petitioner argues the subsequent motions are not successive. Petitioner's argument is unsound. First, the court must have jurisdiction to rule on the issue of timeliness. *See Steel Co. v. Citizens for Better Env't*, 523

U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law . . . ."). Second, the court found that Petitioner's claims in the Motion to Vacate were successive because they either were or could have been brought in the previous petition. [Dkt. No. 170 at 3]. Petitioner fails to address this finding in his argument that his Motion to Vacate was not successive. Third, Petitioner's Motion to Vacate would have been denied even if it was not successive. [*See* Dkt. No. 170 at 3 n.1] ("Even if the instant Motion was not a successive petition, it would be time-barred under the AEDPA, and consequently denied."). Therefore, even if Petitioner were correct, that his Motion to Vacate was not successive, the court's judgment would remain the same.

Finally, Petitioner contends, that the order denying his habeas petition, "does not count for purpose of second or successive" because it was dismissed without prejudice. This argument forms no legal basis that the court need consider.

Accordingly, Petitioner's Motion for Reconsideration is **DENIED** with prejudice.


**IT IS SO ORDERED.**



*J. Michelle Childs*



United States District Judge


August 2, 2013
Greenville, South Carolina